1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CLARITA MARTINEZ, | No.  1:24-CV-00027-KES-EPG |
| 12            Plaintiff, | ORDER DENYING MOTION TO REMAND |
| 13       v. | Doc. 11 |
| 14  JAGUAR LAND ROVER NORTH | |
| 15  AMERICA, LLC, a Delaware Limited Liability Company, | |
| 16            Defendant. | |

17

18         Plaintiff Clarita Martinez ("Martinez") filed this case in Fresno County Superior Court

19    alleging that defendant Jaguar Land Rover North America, LLC ("JLRNA") violated multiple

20    provisions of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code

21    §§ 1790–1795.8 (West 1970).  JLRNA removed the action to this court based on diversity

22    jurisdiction.  Doc. 1 ("Notice of Removal").  Martinez filed the pending motion to remand.

23    Doc. 11.  For the reasons stated below, Martinez's motion to remand is denied.

24    **I.    Background**

25         On October 12, 2023, following her purchase of a 2020 Jaguar F-Type vehicle, Martinez

26    filed this "lemon law" action against JLRNA in Fresno County Superior Court.  Doc. 1-2

27    ("Compl.").  Martinez asserts causes of action against JLRNA and Doe defendants for breach of

28    express and implied warranties and violation of the Song-Beverly Act's requirement for timely

1

1  repairs.  *See generally id.*  Martinez alleges the vehicle was delivered with severe defects and

2  nonconformities, including suspension, electrical, structural, and engine system defects.  *Id.* ¶ 10.

3  Martinez claims she presented the vehicle for repairs and reported the issues to JLRNA on six

4  occasions between January 2022 and July 2023.  *Id.* ¶¶ 11–16.  Martinez alleges JLRNA failed to

5  adequately repair the vehicle, replace it, or provide a refund.  *See generally id.*

6        Martinez did not specify a purchase price or state an amount in controversy in her initial

7  pleading.  *See generally* Compl.  After receiving the purchase contract from the selling dealership

8  on December 29, 2023, JLRNA estimated that, if Martinez prevails in her lawsuit, her damages

9  could total approximately $207,312.60.  Notice of Removal.  ¶¶ 23-24.  This sum includes

10  restitution, attorney's fees, and a civil penalty twice the amount of Martinez's actual damages.

11        JLRNA removed the case to this Court on January 4, 2024, based on diversity jurisdiction.

12  In its Notice of Removal, JLRNA asserted that this Court has subject matter jurisdiction because

13  the amount in controversy exceeds $75,000 and the parties are completely diverse.  Martinez is a

14  resident of Fresno County, California, while JLRNA is a company registered in Delaware with its

15  principal place of business in New Jersey.  *Id.* ¶¶ 29-30.

16        On February 2, 2024, Martinez moved to remand this case to state court, arguing that

17  JLRNA's Notice of Removal was untimely.  Doc. 11 at 3.  Martinez contends that JLRNA's

18  removal was untimely because it failed to file the notice of removal within 30 days of service of

19  the complaint.  *Id.* at 4, 6; 28 U.S.C. § 1446(b)(1).  In its opposition, Doc. 14, JLRNA argues that

20  its removal was timely under 28 U.S.C. § 1446(b)(3), as it filed the notice of removal within 30

21  days of its receipt of the purchase contract documenting the sales price for the vehicle.

22  **II.    Legal Standard**

23        A suit filed in state court may be removed to federal court if the federal court would have

24  had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case

25  originally filed in state court presents a federal question or where there is diversity of citizenship

26  among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,

27  1332(a).

28        To remove a case to federal court, the defendant must timely file a notice of removal.  28

U.S.C. § 1446(a)–(c).  The notice of removal must be filed either: (1) within thirty days of receipt of the complaint, 28 U.S.C. § 1446(b)(1), or (2) "if the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3).  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93, 695 (9th Cir. 2005).

The latter thirty-day period for removal begins when an amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  While "other paper" is not defined by the statute, the Ninth Circuit has interpreted this term broadly.  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (plaintiffs "need only provide to the defendant a document from which removability may be ascertained … [to] trigger the thirty-day removal period.").  "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in § 1332(a)," an "other paper" under subsection (b)(3) may derive from "information relating to the amount in controversy in the record of the State proceeding[] or in responses to discovery."  28 U.S.C. § 1446(c)(3)(A).

A notice of removal is "defect[ive]" under § 1447(c) if a party "fail[s] to comply with the time limit provided in § 1446(b) for filing a petition for removal in state court."  *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009).  Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (quoting *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").

### III.    Discussion

JLRNA timely removed this action.  After receiving a copy of the purchase agreement for the subject vehicle on December 29, 2023, JLRNA was able to ascertain that the amount in controversy threshold was satisfied.  JLRNA filed its Notice of Removal six days later, on

1    January 4, 2024, within the thirty-day period under 28 U.S.C. § 1446(b)(3).

2          Martinez argues that, under 28 U.S.C. § 1446(b)(1), the deadline to file the Notice of

3    Removal was thirty days following Martinez's filing of the action in Fresno County Superior

4    Court.  The complaint was filed on October 12, 2023, and it was served on JLRNA on

5    October 23, 2023.  Doc. 1-2 at 2.[1]  Doc. 11 at 9.  Martinez contends that JLRNA's Notice of

6    Removal filed on January 4, 2024, was untimely as outside the thirty-day removal period.  *Id.*

7    Martinez argues that JLRNA's Notice of Removal was untimely because removal was

8    ascertainable from the complaint.  *Id.* at 4, 6.  Specifically, Martinez claims that (1) the inclusion

9    in the complaint of the subject vehicle's make, model, year, and vehicle identification number

10   ("VIN"), (2) the multiple demands for civil penalties and attorney's fees in the complaint, and (3)

11   an attached civil case cover sheet indicating the case exceeded California's civil unlimited

12   threshold of $25,000, sufficiently alerted JLRNA to the potential damages at stake and enabled it

13   to calculate the amount in controversy.  *Id.* at 8.  These arguments are unpersuasive.

14         Martinez mischaracterizes the level of detail required in an initial pleading to trigger the

15   thirty-day removal period under § 1446(b)(1).  The removal period does not begin until a

16   defendant is noticed with "evident" information supporting removal, which must satisfy the

17   "unequivocally clear and certain" standard established in *Dietrich*.  *Dietrich*, 14 F.4th at 1091; *see*

18   *also Harris*, 425 F.3d at 694; *Crescencio v. Ford Motor Co.*, No. CV 24-10946-MWF (BFMX),

19   2025 WL 1122096, at *3 (C.D. Cal. Apr. 9, 2025) (applying *Dietrich*'s "unequivocally clear and

20   certain" standard to initial pleadings).

21         Here, the complaint and attachments lacked the requisite "evident" facts to trigger

22   removal under § 1446(b)(1).  Martinez provided the subject vehicle's make, model, year, and

23   VIN yet excluded the purchase price from the complaint.  Without the purchase price or other

24   monetary sum quantifying Martinez's damages, JLRNA lacked sufficient information to calculate

25   the amount in controversy.  *Alvarez-Munguia v. Ford Motor Co.*, No. 23-CV-02751-BLF, 2024

26

27   [1] Martinez's contention that the 30 day period under § 1446(b)(1) runs from the date the action
     was filed is incorrect.  Rather, under § 1446(b)(1), the removal period is triggered by *service* of
28   the pleading.  *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 962 (9th Cir. 2024) (holding thirty-day
     removal period begins once defendant has been served).

WL 69076, at *2–3 (N.D. Cal. Jan. 5, 2024) (finding that given the omission of the sale price or any specific measure of damages, the vehicle's make, model, year, and VIN alone were insufficient to trigger the thirty-day removal period under § 1446(b)(1)).  Martinez acknowledges that her complaint did not allege a "specific monetary relief figure."  Doc. 11 at 8.  Likewise, Martinez's broad and imprecise demands for general, special, actual, incidental, and consequential damages, in addition to attorney's fees, did not enable JLRNA to "multipl[y] figures clearly stated" to ascertain the amount in controversy.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *see also Fang v. Ford Motor Co.*, No. 1:22-CV-0561 JLT SAB, 2022 WL 3444715, at *5 (E.D. Cal. Aug. 17, 2022) (finding the threshold amount in controversy was not met where the complaint did not specify a particular sum of damages and included only vague requests for general, special, actual, incidental, and consequential damages)*.

Martinez argues that, as a sophisticated party, JLRNA could have estimated the subject vehicle's price because it should have used the vehicle's description and its "knowledge of the motor vehicle industry" as the vehicle's manufacturer to ascertain the amount in controversy. Doc. 15 at 5.  But "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or duty to make further inquiry."  *Harris*, 425 F.3d at 694.  JLRNA was not under an obligation to conduct research to attempt to estimate the amount in controversy, nor was it under a duty to investigate beyond the facts and information in the initial pleading.  *See id.* at 696; *Kuxhausen*, 707 F.3d at 1140 (finding defendants "need not make extrapolations or engage in guesswork" to ascertain removability); *see also Garcia v. Ford Motor Co.*, No. 2:24-cv-00563-KJM-DB, 2024 WL 3357004, at *2 (E.D. Cal. July 9, 2024) (finding that though the defendant car manufacturer could have "guessed" the amount in controversy before receipt of the sales contract, it was under no obligation to do so); *Roth*, 720 F.3d at 1125 (finding that a defendant "does not lose the right to remove because it did not conduct . . . an investigation" to discover "grounds for removability.").

Likewise, JLRNA is not required to scrutinize language or investigate ambiguous "clue[s]" in the initial pleading or attachments to ascertain removability.  *See Harris*, 425 F.3d at

696. General notations regarding the amount in controversy on attachments, such as on an administrative civil case cover sheet, are insufficient to trigger removal. *See Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (finding a civil cover sheet did not trigger removability because it did not affirmatively reveal the amount in controversy exceeded $75,000); *see also e.g., Balaoing v. Nissan N. Am., Inc.*, No. 1:23-CV-00575-ADA-SAB, 2023 WL 4234664, at *5 (E.D. Cal. June 28, 2023), F. & R. adopted by No. 1:23-CV-00575-ADA-SAB, 2023 WL 5635999 (E.D. Cal. Aug. 31, 2023); (*Martinez v. Ford Motor Co.*, No. 2:23-cv-02788-JLS-AGR, 2023 WL 3775174, at *2 (C.D. Cal. June 2, 2023); *Hayer v. Mercedes-Benz USA, LLC*, No. 2:20-CV-01964-MCE-JDP, 2021 WL 809388, at *2–3 (E.D. Cal. Mar. 3, 2021). As Martinez's initial pleadings did not give rise to sufficient information for JLRNA to ascertain removability, JLRNA was not subject to the thirty-day removal period under § 1446(b)(1).

Instead, JLRNA's receipt of the subject vehicle's sales contract on December 29, 2023, served as an "other paper" from which JLRNA could ascertain that the amount in controversy exceeded $75,000 and triggered the thirty-day removal period under § 1446(b)(3). *See Harris*, 425 F.3d at 694; *see also Brannon v. Jaguar Land Rover N. Am., LLC*, No. 2:24-cv-02156-DC-JDP, 2024 WL 4616149, at *4 (E.D. Cal. Oct. 30, 2024) (holding vehicle finance agreements can be an "other paper" that trigger removability). Accordingly, pursuant to § 1446(b)(3), JLRNA timely filed its Notice of Removal on January 4, 2024.

**IV.    Conclusion and Order**

Accordingly,

1.    Martinez's motion to remand this action to state court, Doc. 11, is **DENIED**.

IT IS SO ORDERED.

Dated:   July 5, 2025

_____
UNITED STATES DISTRICT JUDGE